CHARLES L. TRAVIS *vs.* CHARLES H. HUNTER and others.

July 3, 1889.

Patents—Construction of Contracts for Royalties.—Certain contracts relating to the payment of royalties on the manufacture and sale of an article on which the payee had applied for a patent, construed.

This action was brought in the district court for Hennepin county, against the defendants, partners as the Minneapolis Sweeper Company, to recover $2,400 as royalties under the contracts mentioned in the opinion. A jury was waived, and the action tried by *Young*, J., who ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*Hart & Brewer*, for appellant.

*Ueland, Shores & Holt*, for respondents.

MITCHELL, J. The principal question involved in this appeal is the construction of the two contracts, Exhibits A and B, as modified and explained by the supplemental contract, Exhibit C; and no useful purpose will be subserved by saying much more than to state our conclusion. The contracts are very loosely drawn, being ambiguous and even apparently contradictory in some of their provisions; but taking them as a whole, and construing them in the light of the situation of the parties at the time, we have arrived at the following results:

1. That royalties were to accrue and run from and after March 1, 1885, subject only to the condition that patents should be ultimately issued.

2. That under no circumstances were any royalties to become payable until patents were issued.

3. That, in case the contracts were terminated upon notice prior to the issuance of patents, the defendants were not required to *then* pay royalties for the time the contracts had already run, but that such royalties remained in abeyance, and would become payable upon the issuance of the patents. We are the more inclined to this construction for the reasons (1) that to hold that defendants were bound to

pay royalties before the issuing of patents would result in their paying something for nothing, in case patents never issued; while (2) to hold that, in case of a termination of the contracts before the issuing of patents, they would never be required to pay anything, would result in their receiving something for nothing, in case patents were afterwards issued; because only by virtue of their contract with plaintiff would defendants or their assignees be protected in the sale or use, subsequent to the patent, of machines previously manufactured. Such results were not, we think, within the contemplation of the parties.

4. Upon the facts found by the court below we are of opinion that the plaintiff is estopped from claiming royalties upon the "carpet-sweeper" contract from the time the notice of termination would have taken effect, which defendants would have served but for plaintiff's notice to them that he had assigned to the Wilton Manufacturing Company; at least, until he retracted that notice. As he did not do this until about the commencement of the action, we need not here consider what would be the rights or liabilities of the parties for the time subsequent to that.

The cause is remanded to the court below, with instructions either to amend its order for judgment in accordance with this opinion, or to grant a new trial, as it may be advised in the premises.